■ ALFRED LEVY, Respondent-Appellant, v YALE SCHNADER, Appellant-Respondent. — In an action to recover damages for dental malpractice and breach of contract, (1) defendant appeals from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated September 16, 1981, as denied that branch of his motion which was to dismiss plaintiff's second cause of action and (2) plaintiff cross-appeals from so much of the same order as granted that branch of defendant's motion which was to dismiss plaintiff's first cause of action on the ground it was barred by the Statute of Limitations. Order reversed, on the law, without costs or disbursements, and defendant's motion granted to the extent that the plaintiff's second cause of action is dismissed, motion otherwise denied and the first cause of action is reinstated. On August 22, 1972 rehabilitation work was commenced on plaintiff's teeth, including their capping and root canal work. Plaintiff remained under the continuous care and treatment of the defendant, a dentist, from August 22, 1972 to March 2, 1976. Plaintiff did not visit or consult with defendant from March 2, 1976 until June 8, 1978. Plaintiff alleged that during this interim he scheduled appointments with defendant to complete the dental work and to correct problems he experienced with the work already completed but was forced to cancel due to severe cardiac problems, which resulted in his hospitalization in 1977. On June 8, 1978 defendant examined and X-rayed plaintiff's teeth and recommended that tooth No. 31 be removed. An issue of fact exists to whether the June 8, 1978 office visit falls within the continuous treatment exception to the malpractice Statute of Limitations. Defendant's contention that the aforesaid visit was merely a routine dental examination, unrelated to the prior dental rehabilitation work that plaintiff contends was negligently performed, is belied in part by plaintiff's dental records, which indicate that tooth No. 31 had been the subject of prior rehabilitation work on several occasions, the last being on January 27, 1976. Furthermore, plaintiff denied that the office visit was merely an examination undertaken at his request for the sole purpose of ascertaining the general state of health of his teeth. Whether the June 8, 1978 office visit was treatment for the original condition or complaint or related to the same condition or complaint cannot be determined on this record (see *Francisco v Maniglia,* 57 AD2d 807). Furthermore, the gap of approximately two years and three months between the March 2, 1976 and June 8, 1978 office visits does not, as a matter of law, preclude a finding of continuous treatment (see *Fonda v Paulsen,* 46 AD2d 540; *Santangelo v Parke Davis & Co.,* 77 AD2d 566). In *Renda v Frazer* (100 Misc 2d 511, affd 75 AD2d 490), relied upon by Special Term, there was a hiatus of 46 months. *Renda (supra)* is distinguishable since it falls under the rule that where the period between treatments exceeds the limitation period, the doctrine of continuous treatment is inapplicable (see *Bennin v Ramapo Gen. Hosp.,* 72 AD2d 736; *Naetzker v Brocton Cent. School Dist.,* 50 AD2d 142, revd on other grounds 41 NY2d 929; *Tool v Boutelle & Son,* 91 Misc 2d 464). Consequently, there exists an issue of fact in the

instant matter as to whether this was a case of continuous treatment or intermittent treatment. Additionally, we find plaintiff's second cause of action is legally insufficient. As evidenced by his attempt to recover for his pain and suffering and the use of the terms "negligent" and "careless" to describe the services rendered (cf. *Robins v Finestone,* 308 NY 543; *Colvin v Smith,* 276 App Div 9), said cause of action is merely a redundant pleading of plaintiff's malpractice cause of action in another guise (see *Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576; *Calhoun v Gale,* 29 AD2d 766). It is an attempt to plead to circumvent the Statute of Limitations in the event the continuous treatment exception was found inapplicable. Accordingly, the second cause of action is dismissed. Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.