■ GLORIA LeBLANC, Appellant, v LESTER N. PLOSS, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), entered September 4, 1986, which granted that branch of the defendant's motion which was for partial summary judgment, and (2) an order of the same court, also entered September 4, 1986, which granted that branch of the defendant's motion which was to strike the plaintiff's bill of particulars, and directed her to serve a new bill of particulars.

Ordered that the orders are reversed, with one bill of costs, and the defendant's motion is denied.

Although the Supreme Court Justice stated that he would await proposed orders from both sides, it was not prejudicial error on this record for the Judge to have signed and entered the defendant's proposed order which granted that branch of the defendant's motion which was for partial summary judgment prior to receiving the plaintiff's proposed order and prior to an alleged settlement date, without notifying the plaintiff (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2220:4, at 148-149). In any event, the plaintiff's proposed order failed to strictly conform to the court's decision which was rendered after extensive oral argument *(see, Rowlee v Dietrich,* 88 AD2d 751). Further, the letter submitted by the defendant which accompanied his proposed order was not an improper ex parte communication with the Judge. Rather, the letter merely apprised the court that in light of its decision granting partial summary judgment, other issues remained outstanding.

However, turning to the merits, a question of fact exists as

to the continuous nature of treatments received by the plaintiff and therefore, as to whether the Statute of Limitations was tolled. Thus, partial summary judgment was improperly granted *(McDermott v Torre,* 56 NY2d 399; *Borgia v City of New York,* 12 NY2d 151; *Levy v Schnader,* 96 AD2d 854; *Santangelo v Parke Davis & Co.,* 77 AD2d 566). Since the second order which struck the plaintiff's bill of particulars and directed her to serve a new one was predicated on the court's granting of partial summary judgment, that order is similarly reversed. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.