JOANNE JACOBSON, Plaintiff-Appellant, v. STEVEN R. NATONSON, Defendant-Appellee.

Second District No. 2—86—0805

Opinion filed December 10, 1987.—Rehearing denied January 19, 1988.

S. Jerome Levy, of Levy, Leopold & Associates, P.C., of Chicago (Bryan S. Anderson, of counsel), for appellant.

Lynn D. Dowd and D. Kendall Griffith, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (George W. Spellmire, Jr., of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Joanne Jacobson, appeals from a judgment entered on the verdict of a jury in favor of defendant, Steven R. Natonson, D.D.S., in a dental malpractice action. Plaintiff contends the trial court erred in applying the dental malpractice statute of limitations and repose (Ill. Rev. Stat. 1983, ch. 110, par. 13—212) so as to bar evidence of defendant's allegedly negligent conduct while treating her.

Plaintiff commenced this action on May 1, 1985, to recover damages alleged to have been sustained as a result of negligent dental care and treatment by defendant. The complaint, as amended, stated that plaintiff was defendant's patient from 1969 through 1984, and he treated her continuously during that period. Plaintiff alleged that she came under the care of another dentist in June 1984, when she learned, for the first time, that she was suffering from severe bone loss and advanced periodontal infection; that defendant had failed to properly diagnose her condition during his treatment of plaintiff; that he failed to consult with other dentists to determine the condition of plaintiff's mouth, teeth and gums; that defendant failed to treat plaintiff for or advise her of the periodontal and endontal condition for which she suffered and failed to refer plaintiff to a specialist for treatment of the condition. The complaint further alleged that· defendant failed to exercise the normal and customary care commonly exercised by other dentists in these circumstances and, as a proximate result of defendant's negligence, plaintiff was injured by the loss of teeth and bone in her mouth. In his answer, defendant denied any negligence in treating plaintiff and alleged as an affirmative defense that plaintiff had contributed to her own injuries by failing to exercise proper oral hygiene and that her conduct was the proximate cause of any damage sustained. As a second affirmative defense, defendant alleged that the dental statute of limitations and repose barred this action as plaintiff knew, or should have known, of her alleged injury prior to May 1, 1985, when the complaint was filed.

Prior to trial, on motion of defendant, the court entered an order *in limine* under which plaintiff was barred from offering evidence of any negligent acts or omissions by defendant in treating her which had occurred prior to May 1, 1981, as time barred by virtue of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212) and *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416,

490 N.E.2d 665, irrespective of whether or not they were first discovered by plaintiff after May 1, 1981. The *in limine* order also provided that as the complaint alleged there had been a continuous course of treatment by defendant between 1974 and 1984, that evidence of defendant's negligent conduct after May 1, 1981, was not time barred unless the action was brought more than two years after plaintiff discovered or should have discovered such conduct. The court further ordered that while acts or omissions by defendant prior to May 1, 1981, could not be the basis for any recovery by plaintiff for defendant's negligence, such conduct may be admissible on the question of plaintiff's knowledge of her injury more than two years prior to filing suit. Plaintiff's motion for an order *in limine* preventing defendant from offering evidence of any conduct by plaintiff prior to May 1, 1981, which contributed to her injuries was denied by the trial court.

The case went to trial under these limitations and plaintiff testified she had received dental care exclusively from defendant from 1969 to April 1984, during which time he had treated her on more than 60 occasions. She testified, *inter alia*, that defendant told her she had gum problems, but not that she had periodontal disease, and he discouraged her from seeing a periodontist. Plaintiff's condition worsened, and in May 1984, she consulted another dentist, Dr. Steven Potasknick, who referred plaintiff to periodontists. Gum surgery was recommended; six teeth were pulled and the surgery performed in July 1985. Plaintiff was cross-examined in detail as to her failure to see her dentist more often prior to May 1, 1981, and as to her personal oral hygiene.

Defendant testified, *inter alia*, that plaintiff's poor oral hygiene and failure to keep some dental appointments with him prior to 1981 caused damage to her teeth and gums. He stated that he was aware in 1969, when he began treating plaintiff, that she had periodontal disease and treated it with an oral hygiene program. Defendant testified that he did not refer plaintiff to a periodontist, but did inform her that expensive and painful gum surgery was available. Plaintiff's condition did not improve under defendant's care.

Dr. Potasknick testified for plaintiff as an expert witness, stating that subsequent to 1981, plaintiff's condition could not be managed by a general practitioner of dentistry and that home care would not arrest the disease. In the witnesses' opinion, defendant deviated from the standard of care by which a dentist's conduct is measured by failing to adequately manage the condition and failing to refer plaintiff to a periodontal specialist after May 1, 1981.

Two dental hygienists who were employed by defendant during

1974 through 1977 and in 1979, testified they had treated plaintiff and she lacked proper oral hygiene.

Dr. Gerald Miller, a specialist in periodontal therapy, testified as an expert witness for defendant that defendant's conduct conformed to the requisite standard of dental care and his treatment was proper. Dr. Miller gave as his opinion that plaintiff's failure to have her teeth professionally cleaned from 1977 to 1979 and to practice proper oral hygiene contributed to her tooth loss.

The jury was instructed by the trial court as to comparative negligence, proximate cause and the affirmative defense of the two-year statute of limitations. The jury was also instructed that "[b]ased upon rulings of law made by this court, evidence in this case has been admitted for a limited purpose. Evidence of acts occurring prior to May 1, 1981, have [sic] been admitted strictly on the issue of proximate cause. That evidence is not to be considered by you on the issues of negligence or contributory negligence." The jury was further instructed that plaintiff charged defendant with negligence causing injury for defendant's conduct occurring since May 1, 1981. A general verdict was returned for defendant, and plaintiff has appealed.

Section 13—212 of the Code of Civil Procedure provides:

> "No action for damages for injury *** against any *** dentist, *** arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, *** of the existence of the injury *** for which damages are sought in the action, *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury." (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.)

In *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 490 N.E.2d 665, our supreme court considered section 13—212 and held that it operates to bar actions which are based upon acts or omissions occurring prior to the September 19, 1976, effective date of the statute, where the action is filed more than four years after the effective date. The supreme court thus gave effect to the four-year repose period of the statute as applied to those cases in which the negligent acts or omissions for which recovery is sought all occurred more than four years before the action was commenced.

■■ In the present case, plaintiff sought recovery for alleged negligent conduct of defendant which occurred over a 14-year period of continuous dental care by defendant from 1969 to her last treatment in April 1984. The trial court, in applying the four-year repose re-

quirement of section 13—212, considered that plaintiff's right to recover for any negligent conduct which had occurred more than four years before filing suit was thus barred, and limited evidence of defendant's negligence or plaintiff's contributing negligence to that period after May 1, 1981. The trial court considered, however, that as plaintiff's condition of ill-being may have been caused by conduct other than defendant's dental care, that evidence directed to the issue of proximate cause would be admitted although occurring prior to May 1, 1981. Thus, evidence offered by defendant that plaintiff's dental condition was a consequence of her failure to properly care for her teeth and gums was admitted relating to the entire period in which plaintiff was under defendant's care. However, plaintiff was barred from offering evidence directed to any negligent dental care of her by defendant for most of that period of time.

In resolving the evidentiary issue presented to it by defendant's motion *in limine*, we conclude the trial court erred by applying the dental statute of limitations and repose as a rule governing the admission of evidence. The dental malpractice statute of limitations, and its repose provision, does act to bar the bringing of an untimely action; however, it has not heretofore been utilized to limit the introduction of evidence in support of a timely filed cause of action. The effect of the ruling in this case was to allow the fact finder to consider plaintiff's conduct prior to May 1, 1981, as a possible bar to recovery, but precluded the jury from considering evidence of defendant's alleged wrongful conduct for the same period. In our view, the determination made finds no support either in section 13—212 of the Code of Civil Procedure or *Mega v. Holy Cross Hospital*, upon which the trial court relied. Defendant's counsel acknowledged in oral argument before this court that he was not aware of any authority for this application of the limitations statute but considered it to be correct.

■ Error in the exclusion or admission of evidence will not require reversal where there has been no prejudice or where the evidence did not materially affect the result. (*Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 414, 476 N.E.2d 1232, 1238-39.) In the present case, however, the defenses interposed for consideration by the jury were premised upon a lack of proximate cause for plaintiff's injuries by defendant's conduct, the two-year limitation period within which a dental malpractice action must be commenced after a plaintiff knows, or should reasonably know, of a wrongfully caused injury (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874) and plaintiff's alleged contributing negligence. In trial, each of defendant's theories was supported by the admission of evidence of

plaintiff's conduct prior to the May 1, 1981, cut-off date imposed for evidence of defendant's alleged negligence. Defendant extensively examined the witnesses regarding plaintiff's conduct prior to that date and applied that evidence in argument to the jury. Plaintiff had no similar opportunity relating to defendant's conduct prior to May 1, 1981, and the jury consequently received a one-sided version in evidence, argument, and instructions from which to resolve the matter. We conclude that plaintiff was prejudiced as a result of the trial court's rulings on the motions *in limine* and is entitled to a new trial.

Defendant has argued that plaintiff did not prove defendant was negligent, that plaintiff's own conduct was the proximate cause of her injury, and that the verdict could be sustained as the jury may have determined the action was barred by the two-year medical malpractice statute of limitations. However, no special interrogatories were submitted to the jury, and it cannot be determined from the general verdict for defendant on what basis the jury so found. It is apparent that the trial court's erroneous ruling on defendant's motion *in limine* would act adversely to plaintiff's efforts to prove negligence and meet the defenses interposed, and we cannot say that it did not affect the resulting verdict.

Plaintiff also contends that on remand for retrial the trial court should be directed to apply the "continuous course of treatment doctrine," thus placing in issue the conduct of both plaintiff and defendant during the course of treatment from 1969 to 1984. Where recognized, that doctrine holds for statute of limitation purposes that "a cause of action as to any act occurring within a continuous course of treatment should not be deemed to accrue until the end of the entire course of treatment." (*Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 28, 475 N.E.2d 260, 262-63.) Plaintiff acknowledges that the Illinois reviewing courts have not yet addressed the question of applicability of that doctrine but notes that other jurisdictions have done so. (See, *e.g., Farley v. Goode* (1979), 219 Va. 969, 252 S.E.2d 594; *Levy v. Schnader* (1983), 96 A.D.2d 854, 465 N.Y.S.2d 767; *Cook v. Yager* (1968), 13 Ohio App. 2d 1, 233 N.E.2d 326; *Hotelling v. Walther* (1942), 169 Or. 559, 130 P.2d 944; see also Annot., *When Statute of Limitations Begins to Run in Dental Malpractice Suits*, 3 A.L.R.4th 318 (1981).) Defendant responds that the continuous course of treatment doctrine has not been adopted in Illinois as the legislature has enacted a discovery rule with an absolute four-year period of repose (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), citing *Kaufman v. Taub* (1980), 87 Ill. App. 3d 134, 410 N.E.2d 114; *Nutty v. Universal Engineering Corp.* (S.D. Ill. 1983), 564 F. Supp. 1459; *Mega v. Holy Cross Hospital*

(1986), 111 Ill. 2d 416, 490 N.E.2d 665.

Our supreme court has not addressed the applicability of the doctrine of continuous course of treatment to the limitation and repose provisions of section 13—212 of the Code of Civil Procedure, and the appellate court has expressed uncertainty as to whether it will be recognized. In *Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 28, 475 N.E.2d 260, 263, the court assumed that the doctrine applied for purposes of its analysis of the contentions of the parties and held that, as plaintiff's complaint had been filed more than four years after the last act in defendant's course of treatment, it was time barred. (131 Ill. App. 3d at 29, 475 N.E.2d at 263.) In *Aznel v. Gasso* (1987), 154 Ill. App. 3d 785, 507 N.E.2d 83, the court stated that the absolute application of section 13—212 might be relaxed where a plaintiff alleges there had been a continuous course of care or treatment by a medical defendant. (154 Ill. App. 3d at 788, 507 N.E.2d at 86.) In *Aznel*, however, the doctrine was considered not applicable under its facts as a continuous course of treatment was not shown. 154 Ill. App. 3d at 789, 507 N.E.2d at 86.

■ If, in the present case, the traditional form of the doctrine were to be applied to the undisputed facts, it is apparent plaintiff's complaint would not be time barred by the four-year repose period of section 13—212, as she was last treated by defendant for the condition in issue in April 1984 and commenced this action on May 1, 1985. Under that doctrine, the four-year repose provision of the statute would be tolled during a continuous course of treatment for a specific condition, and would commence running at the last treatment. At the same time, the two-year limitation period would commence during or after the course of treatment at such time as plaintiff discovered that a wrongful injury had been inflicted on her.

We need not here determine whether the continuous course of treatment doctrine is applicable in Illinois, however, as we conclude that plaintiff's complaint was timely brought within the scope of the section 13—212 repose period.

The two-year limitation period within which the action must be brought after discovery of a wrongful injury remains in this case as a question of fact to be resolved on retrial. The application of the four-year period of repose, however, presents a different question which, under the undisputed facts here, may be resolved as a matter of law. While the trial court deemed the four-year repose period computed from the time the action was filed to be absolute and must be applied to interrupt and cut off evidence of plaintiff's cause of action at that point, section 13—212 does not suggest that result. The repose provi-

sion of the dental limitations statute states that "in no event shall such action be *brought* more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) Plaintiff alleged in her complaint, and both parties testified in trial, that she was under defendant's dental care from 1969 to April 1984, during which time defendant treated plaintiff for the dental condition which she alleges caused her injury. The acts and omissions by defendant for which plaintiff seeks recovery were alleged to have occurred throughout the period of treatment and until April 1984, and plaintiff's action was timely brought within four years thereafter. It is for plaintiff's condition of ill-being at the conclusion of defendant's treatment of her that she seeks recovery, and evidence of conduct of defendant which caused that condition is relevant to that determination, just as is evidence of plaintiff's conduct which contributed to her injury. See *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 443, 490 N.E.2d 1252, 1255; *Aznel v. Gasso* (1987), 154 Ill. App. 3d 785, 788-89, 507 N.E.2d 83, 86.

Accordingly, the judgment of the circuit court will be reversed, and the cause remanded for a new trial consistent with this opinion.

Reversed and remanded.

LINDBERG, P.J., and REINHARD, J., concur.