VIRGINIA WALTERS, Special Adm'r of the Estate of Virginia King, Deceased, Plaintiff-Appellant, v. MARION MEMORIAL HOSPITAL, Defendant-Appellee.

Fifth District   No. 5—90—0506

Opinion filed August 27, 1991.

Mark I. Bronson, of Newman & Bronson, of St. Louis, Missouri, for appellant.

Jonathan Ries and Bart C. Sullivan, both of Sandberg, Phoenix & von Gontard, P.C., of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Virginia Walters, substituted as special administrator of the estate of Virginia King, now deceased, appeals from the entry of summary judgment granted by the circuit court of Williamson County dismissing her medical malpractice action against defendant, Marion Memorial Hospital (hospital), on the basis that the cause was barred by the statute of limitations as set forth in section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212). We affirm.

On May 29, 1987, King, then age 71, was admitted to defendant hospital for various cardiological and gastrointestinal problems. She ultimately was discharged on July 31, 1987. On June 1, 1987, during her stay in defendant hospital, King fell, fracturing her right hip. On July 14, 1989, King filed a malpractice action against the hospital alleging she learned after being discharged that the nurse on duty negligently failed to properly assist her from the bathroom thereby causing her broken hip. The hospital moved for summary judgment on the grounds the two-year statute of limitations applicable to medical malpractice claims had already run. The trial court granted the hospital's motion.

King, through Walters, argues on appeal the trial court erred in granting the hospital's motion for summary judgment when her complaint was filed within two years after her discharge from the hospital's continuous care and treatment. Moreover, plaintiff argues, whether she timely filed her complaint within two years of the date she discovered her injuries were caused by the hospital's negligence is a disputed question of fact and therefore not properly decided upon a motion for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, and affidavits, construed most strongly against the movant and most liberally in favor of the opponent, present no genuine issue of material fact and show that judgment should be granted as a matter of law. (See, *e.g., Dockery v. Ortiz* (1989), 185 Ill. App. 3d 296, 304-05, 541 N.E.2d 226, 230-31; *Saunders v. Klungboonkrong* (1986), 150

Ill. App. 3d 56, 61, 501 N.E.2d 882, 886; see also *Neaterour v. Holt* (1989), 188 Ill. App. 3d 741, 745, 544 N.E.2d 846, 849.) The purpose of summary judgment is not to try a question of fact, but to determine whether one exists. (*Dockery*, 185 Ill. App. 3d at 304, 541 N.E.2d at 230.) If only one conclusion can be drawn from the undisputed facts, then it becomes a question of law with the timeliness of plaintiff's complaint left for the trial court to determine. *Neaterour*, 188 Ill. App. 3d at 746, 544 N.E.2d at 850; *Saunders*, 150 Ill. App. 3d at 61, 501 N.E.2d at 886.

■■ ■ Section 13—212 of the Illinois Code of Civil Procedure states in part:

> "[N]o action for damages for injury or death against any *** hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, *** of the existence of the injury or death for which damages are sought ***." (Ill. Rev. Stat. 1987, ch. 110, par. 13—212.)

This section has been interpreted as meaning a plaintiff must bring his cause of action for damages against the hospital which he believes injured him within two years of the date on which he knew or reasonably should have known of his injury and that it was wrongfully caused. (*Saunders*, 150 Ill. App. 3d at 59, 501 N.E.2d at 885; *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 710, 375 N.E.2d 934, 937-38; see also *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868; *Ravin v. A.H. Robins Co.* (1989), 182 Ill. App. 3d 46, 50, 538 N.E.2d 164, 166.) Wrongfully caused does not mean actual knowledge of a specific defendant's negligent conduct or that an actionable wrong was committed (*Dockery*, 185 Ill. App. 3d at 305, 541 N.E.2d at 231; *Saunders*, 150 Ill. App. 3d at 59, 501 N.E.2d at 885; *Bates v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 137, 140, 438 N.E.2d 1250, 1253), but rather becoming possessed of sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct was involved. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416, 430 N.E.2d 976, 980-81; *Bates*, 108 Ill. App. 3d at 140, 438 N.E.2d at 1253; see also *Nolan*, 85 Ill. 2d at 171, 421 N.E.2d at 868.) Often the nature of the injury itself controls the determination of when a plaintiff has such knowledge or reasonably should have known that his injury was caused by defendant's wrongful conduct. (*Saunders*, 150 Ill. App. 3d at 60, 501 N.E.2d at 885; see also *Ravin*, 182 Ill. App. 3d at

51, 538 N.E.2d at 167.) If the injury is traumatic in nature, that is, immediate and caused by an external force or violence, the plaintiff knows or should know of his right to sue when injured. (See *Bates*, 108 Ill. App. 3d at 141-42, 438 N.E.2d at 1253-54; *Roper*, 59 Ill. App. 3d at 711, 375 N.E.2d at 938; see also *Lofton v. General Motors Corp.* (7th Cir. 1982), 694 F.2d 514, 518-19.) The more obvious the injury, the more easily a plaintiff should be able to determine its cause. (*Saunders*, 150 Ill. App. 3d at 60, 501 N.E.2d at 885.) On the other hand, if the injury is latent in nature, not manifesting itself until sometime after the defendant's wrongful act occurred, or is an aggravation of a physical problem which may naturally develop absent negligent causes, a plaintiff is not expected to immediately know of either its existence or its potential wrongful cause. (*Va Salle v. Celotex Corp.* (1987), 161 Ill. App. 3d 808, 810, 515 N.E.2d 684, 686; *Saunders*, 150 Ill. App. 3d at 60, 501 N.E.2d at 885; *Lutes v. Farley* (1983), 113 Ill. App. 3d 113, 116, 446 N.E.2d 866, 868.) Until the plaintiff knows or should know that his condition, seemingly innocent in causation, is perhaps the result of another's negligent acts, he has no opportunity to discover that a cause of action exists. (*Roper*, 59 Ill. App. 3d at 714, 375 N.E.2d at 940.) Here, however, plaintiff had the opportunity to discover that a cause of action existed when she fell. Under no clearer set of circumstances could a plaintiff pinpoint the precise time of an injury. (See *Dockery*, 185 Ill. App. 3d at 305-06, 541 N.E.2d at 231; see also *Lofton*, 694 F.2d at 515, 518.) Even plaintiff admitted she was injured on June 1, 1987, the day she fell. Her injuries were not the result of any past medical treatment, but rather arose from a traumatic event. As both the injury itself and its cause were obvious, a reasonable person would have been put on inquiry to determine whether actionable conduct was involved. By waiting 2 years and 44 days from the date of her injury to file her complaint against defendant hospital, plaintiff failed to file her cause of action in a timely manner. The trial court therefore properly granted defendant's motion for summary judgment.

■■ ■ Plaintiff, however, raises the theory of "continuous care and treatment" as tolling the commencement of the statute of limitations. This theory recognizes that a cause of action as to any act occurring within the continuous treatment period rendered by a physician or hospital does not accrue until the end of the entire course of treatment. (See *Neaterour*, 188 Ill. App. 3d at 747, 544 N.E.2d at 850-51; *Jacobson v. Natonson* (1987), 164 Ill. App. 3d 126, 131, 517 N.E.2d 304, 307-08; see also *Aznel v. Gasso* (1987), 154 Ill. App. 2d 785, 788-89, 507 N.E.2d 83, 86.) As her course of treatment at the

hospital did not end until July 31, 1987, the date of her discharge, plaintiff asserts her complaint filed within two years of this date was timely. Whether or not we choose to recognize the theory or doctrine of continuous care and treatment at this time (see *Jacobson*, 164 Ill. App. 3d at 131-32, 517 N.E.2d at 308), we believe plaintiff cannot take advantage of its tolling provision in any event. While plaintiff may have received continuing care at the hospital, the care itself for the various medical problems she had when she entered did not result in her injury. Moreover, continuing treatment alone does not satisfy the doctrine; continuing negligence is also needed in order to toll the statute of limitations. (See *Aznel*, 154 Ill. App. 3d at 788, 507 N.E.2d at 86. Contra *Daly v. Carmean* (1991), 210 Ill. App. 3d 19, 29, 568 N.E.2d 955, 961.) One traumatic event does not constitute continuing negligence. Therefore, as plaintiff failed to file her complaint within two years from the date she was injured, the day of her fall, we must affirm the trial court's order of summary judgment.

For the aforementioned reasons, we affirm the judgment of the circuit court of Williamson County.

Affirmed.

WELCH and CHAPMAN, JJ., concur.