SANDRA DAVIS, Plaintiff-Appellant, v. TOSHIBA MACHINE COMPANY, AMERICA, Defendant-Appellee.

First District (1st Division)   No. 1—97—2971

Opinion filed June 15, 1998.

Law Offices of Gomien & Harrop, of Morris (Roger B. Gomien, Joan N. Harrop, and Sheldon R. Sobol, of counsel), for appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker, of Chicago (David M. Holmes and Robert J. Palmerstein, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Sandra Davis, filed a products liability action against defendant, Toshiba Machine Company, seeking damages allegedly caused by a defective printing press designed, manufactured and sold by defendant. Defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)), on the grounds that the statute of repose governing products liability actions (735 ILCS 5/13—213 (West 1996)) barred plaintiff's cause of action. The trial court granted the motion to dismiss. We reverse and remand.

Plaintiff filed her complaint on February 24, 1997, alleging that in August 1985, defendant entered into a contract with R.R. Donnelley & Sons to design, manufacture, and sell to Donnelley a printing press. Defendant delivered the printing press to Donnelley in July 1986.

Plaintiff complained that while working for Donnelley on March 11, 1996, she suffered severe and permanent injuries when her right hand was caught between two or more rollers of the printing press. Plaintiff alleged that defendant was strictly liable for her injury, because the printing press was defective and unreasonably dangerous

in that it did not include shields, guards, or other protective devices between the rollers of the press and the ink levelers.

■ Defendant filed a section 2—619 motion to dismiss, arguing that the applicable statute of repose barred plaintiff's cause of action. The statute of repose provides in relevant part:

> "(b) Subject to the provisions of subsections (c) and (d) no product liability action *** shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff ***.
>
> * * *
>
> (d) Notwithstanding the provisions of subsection (b) *** if the injury complained of occurs within any of the periods provided by subsection (b) *** the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." 735 ILCS 5/13—213 (West 1996).

Defendant argued that section 13—213(b) barred plaintiff's cause of action because more than 10 years had passed between delivery of the printing press to its initial user, Donnelley, in July 1986, and the filing of plaintiff's complaint on February 24, 1997. Plaintiff responded that since her injury occurred on March 11, 1996, which was within the 10-year statutory period of repose, section 13—213(d) gave her an additional two years, until March 11, 1998, to file her complaint. Therefore, plaintiff contended, her February 24, 1997, complaint was timely filed.

The trial court granted defendant's motion to dismiss. Plaintiff appeals. We review *de novo* the trial court's dismissal order. *Weidman v. Wilkie*, 277 Ill. App. 3d 448, 456 (1995).

■ The resolution of this issue requires us to construe sections 13—213(b) and (d). The primary rule of statutory construction is to give effect to the intent of the legislature. *Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n*, 286 Ill. App. 3d 21, 23 (1996). In determining legislative intent, a court first should consider the statutory language. *Peoples Gas*, 286 Ill. App. 3d at 23. Where such language is clear, it will be given effect without resort to other aids for construction. *Peoples Gas*, 286 Ill. App. 3d at 23.

Section 13—213(b) states in applicable part that a strict products

liability action must be brought within 10 years from the date of first sale, lease, or delivery of possession of the product to its initial user. The product in question here is an allegedly defective printing press, and it was delivered to its initial user, Donnelley, in July 1986. Thus, section 13—213(b), standing alone, would require plaintiff to bring her action by July 1996.

■ However, section 13—213(d) begins by stating, "Notwithstanding the provisions of subsection (b)." 735 ILCS 5/13—213(d) (West 1996). "Notwithstanding" means "in spite of" (see Webster's Third New International Dictionary 1545 (1993)) and provides an exception to the general rule set out in section 13—213(b). This exception allows plaintiff to bring her suit within two years from the date she knew or should have known of her injury, as long as the injury occurred within the repose period. Plaintiff's injury occurred on March 11, 1996, which was within the 10-year repose period. Thus, plaintiff had until March 11, 1998, to file her products liability action. Accordingly, plaintiff's complaint, filed on February 24, 1997, was timely.

Defendant contends that *Elliott v. Sears, Roebuck & Co.*, 173 Ill. App. 3d 383 (1988), and *American Family Insurance Co. v. Village Pontiac-GMC, Inc.*, 182 Ill. App. 3d 385 (1989), compel a different result. In *Elliott*, plaintiff cut his hand on a saw on May 3, 1983, and later brought a products liability action against the seller of the saw. *Elliott*, 173 Ill. App. 3d at 385. The trial court granted summary judgment for defendant, finding that plaintiff had not filed suit within the repose period of section 13—213(b). *Elliott*, 173 Ill. App. 3d at 392. The issue on appeal was whether section 13—213(d) extended plaintiff's time for filing. The Appellate Court, Fourth District, held that section 13—213(d) "applies only to those situations in which the injury is not immediately discoverable by the injured party." *Elliott*, 173 Ill. App. 3d at 394-95. Since plaintiff knew he was injured when he cut his hand on May 3, 1983, section 13—213(d) had "no application." *Elliott*, 173 Ill. App. 3d at 395. Accordingly, the Appellate Court, Fourth District, held that pursuant to section 13—213(b), the trial court properly granted summary judgment for defendant. *Elliott*, 173 Ill. App. 3d at 395.

In *American Family Insurance*, the Appellate Court, Second District, cited *Elliott* and, without any further analysis, held that section 13—213(d) only applies where the injury is not immediately discoverable. *American Family Insurance*, 182 Ill. App. 3d at 389.

In the present case, defendant asks us to apply *Elliott* and *American Family Insurance* and hold that since plaintiff's injury was immediately discoverable, section 13—213(d) has no application and that section 13—213(b) bars plaintiff's cause of action.

We respectfully disagree with *Elliott* and *American Family Insurance*. Section 13—213(d) states "if the injury complained of occurs within any of the periods provided by subsection (b) *** the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury." 735 ILCS 5/13—213(d) (West 1996). Section 13—213(d) does not state that it is inapplicable when the "injury complained of" is immediately discoverable. Rather, the clear language of section 13—213(d) indicates that plaintiff may bring suit within two years from the date he knew or should have known of *any* injury occurring within the repose period. In the present case, plaintiff's injury occurred on March 11, 1996, which was within the 10-year statute of repose and thus covered by section 13—213(d). Accordingly, plaintiff had two years, until March 11, 1998, to file her action. Plaintiff's action, filed on February 24, 1997, was therefore timely, and the trial court erred in dismissing her claim.

*Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995), also cited by defendant, is inapposite. In *Golla*, plaintiff was operating a Buick Skylark on September 3, 1985, when she was involved in a collision with another vehicle. *Golla*, 167 Ill. 2d at 355. The collision caused plaintiff's seat to slide violently forward, thereby subjecting her left shoulder to trauma from the three-point passenger restraint she was wearing. *Golla*, 167 Ill. 2d at 355. As a result, plaintiff allegedly developed reflex sympathetic dystrophy (RSD). *Golla*, 167 Ill. 2d at 355.

Plaintiff filed a products liability action on August 7, 1989, against defendant General Motors Corporation, alleging that the Buick was not reasonably safe when it left defendant's control because a defect in the driver's seat caused it to slide forward on impact. *Golla*, 167 Ill. 2d at 355-56.

Defendant filed a motion for summary judgment, arguing that plaintiff's action was barred under the two-year limitations period found in section 13—202 of the Code of Civil Procedure (735 ILCS 5/13—202 (West 1992)). *Golla*, 167 Ill. 2d at 356. In response, plaintiff argued that her action was not time-barred because the discovery rule found in section 13—213(d) of the Code applied. *Golla*, 167 Ill. 2d at 356. Plaintiff claimed the statute of limitations did not start to run until March 1988, when doctors first diagnosed her with RSD. *Golla*, 167 Ill. 2d at 356. The trial court granted summary judgment for defendant. *Golla*, 167 Ill. 2d at 358.

Our supreme court affirmed. The court first noted a cause of action for personal injuries generally accrues when plaintiff suffers the injury. *Golla*, 167 Ill. 2d at 360. However, the court also noted that

since mechanical application of the statute of limitations can in certain circumstances bar a plaintiff from bringing suit even before she was aware she was injured, the judiciary created the "discovery rule." *Golla*, 167 Ill. 2d at 360. The discovery rule postpones the commencement of the relevant statute of limitations until plaintiff knows or reasonably should know she has been injured and that her injury was wrongfully caused. *Golla*, 167 Ill. 2d at 360-61. The legislature has incorporated the discovery rule in section 13—213(d), the statute applicable to product liability actions. *Golla*, 167 Ill. 2d at 361.

The court further held that where the plaintiff's injuries are caused by a sudden traumatic event, her cause of action accrues when the injury occurred. *Golla*, 167 Ill. 2d at 361. The rationale behind the "sudden traumatic event" rule is that "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Golla*, 167 Ill. 2d at 363. Since plaintiff's car accident was such a sudden, traumatic event, the court held that her cause of action accrued at the time of the accident. *Golla*, 167 Ill. 2d at 363.

Unlike *Golla*, the present case involves application of the statute of repose, as opposed to the statute of limitations. While *Golla* held that section 13—213(d) does not toll the statute of limitations when the plaintiff's injury is sudden and traumatic, the court did not address section 13—213(d)'s effect on the statute of repose.

More closely on point is *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373 (1996). Garza was injured when a Dresser Payloader pinned him against a wall. *Garza*, 172 Ill. 2d at 376. Garza brought a products liability action against Navistar, the manufacturer of the Dresser Payloader, alleging that Navistar was strictly liable because the payloader was unreasonably dangerous when it left Navistar's possession and control. *Garza*, 172 Ill. 2d at 376. The trial court granted Navistar's motion to dismiss, finding that Garza's claim was barred by the 10-year repose statute (735 ILCS 5/13—213(b) (West 1996)). *Garza*, 172 Ill. 2d at 376. On Navistar's appeal to our supreme court, Garza argued that his injury occurred within the repose period, and therefore section 13—213(d) gave him an additional two years from the date he suffered his injury to file suit. *Garza*, 172 Ill. 2d at 383-84. During its analysis of the issue[1], the court cited with approval *Taylor v. Raymond Corp.*, 719 F. Supp. 738 (N.D. Ill. 1989), *aff'd*, 909

---

[1]The supreme court ultimately rejected Garza's argument, finding that Garza had not been injured during the applicable repose period, and therefore he "[could] not take advantage of subsection (d)'s two-year extension." *Garza*, 172 Ill. 2d at 385.

F.2d 225 (7th Cir. 1990). *Taylor* held that the two-year extension provided in section 13—213(d) applies even to plaintiffs who suffer an immediately discoverable, sudden and traumatic injury, as long as the injury occurs within the repose period. The analysis employed in *Taylor* is consistent with our holding here, that the clear language of section 13—213(d) gives plaintiff two years to file suit from the date she knows or reasonably should know of *any* injury that occurs within the repose period. Since plaintiff's injury occurred within the repose period, and she filed her cause of action within two years of the date of her injury, the trial court erred in dismissing her cause of action as outside the statute of repose.

For the foregoing reasons, we reverse the trial court's order dismissing plaintiff's cause of action and remand for further proceedings.

Reversed and remanded.

BUCKLEY, P.J., and O'MARA FROSSARD, J., concur.