February 24, 1999

NO. 5-98-0408

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

RICHARD DAUBACH and J. MARLENE     )  Appeal from the

DAUBACH,                           )  Circuit Court of

                                   )  Randolph County.

     Plaintiffs-Appellants,        )

                                   )

v.                                 )  No. 95-L-36

                                   )

HONDA MOTOR COMPANY, LTD.;         )

AMERICAN HONDA MOTOR COMPANY, INC.;)

HONDA RESEARCH AND DEVELOPMENT     )

COMPANY, LTD.; and MYERS CYCLE     )

SALES AND R.V. CENTER, INC.,       )  Honorable

                                   )  Jerry D. Flynn,

     Defendants-Appellees.         )  Judge, presiding.

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

Plaintiffs, Richard Daubach and J. Marlene Daubach, brought an action to recover damages from defendants, Honda Motor Company, Ltd., American Honda Motor Company, Inc., Honda Research and Development Company, Ltd., and Myers Cycle Sales and R.V. Center, Inc., based upon theories of strict products liability and negligence.  Defendants filed motions to dismiss the strict liability claims, pursuant to sections 2-619 and 13-213 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619, 13-213 (West 1996)), alleging that plaintiffs' claims were barred by the statute of repose.  The trial court granted defendants' motions and dismissed counts I and III of the complaint.  

Plaintiffs filed a petition pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), asking this court to decide whether section 13-213(d) of the Code (735 ILCS 5/13-213(d) (West 1996)) permits a plaintiff, who is injured by an allegedly defective product and also knows of the injury prior to the expiration of the statute of repose, to bring a cause of action within two years from the date of injury, even though the cause of action is filed after the expiration of the statute of repose.

The facts pertinent to this appeal follow.  On April 29, 1994, plaintiffs filed a complaint alleging that plaintiff Richard Daubach was severely injured when the three-wheel all-terrain vehicle (ATV) he was operating "rolled over and flipped".  The incident occurred on May 1, 1992.  In counts I and III,  plaintiffs alleged that the ATV was defective, unsafe, and unreasonably dangerous due to design defects and inadequate warnings.  In counts II and IV, plaintiffs alleged that defendants were negligent in that they failed to design the ATV in a safe and proper manner, failed to provide adequate warnings to the users, and/or failed to provide adequate warnings and instructions as to the safe operation and maintenance of the ATV.  

Each defendant filed a motion to dismiss the strict liability counts (counts I and III), claiming that they were barred by section 13-213(b) of the Code, the statute of repose (735 ILCS 5/13-213(b) (West 1996)).  Defendants argued that because the subject ATV was manufactured on June 2, 1982, and was sold to the initial user on March 3, 1983, plaintiffs' cause of action, filed April 29, 1994, was barred by section 13-213(b).  Defendants also argued that plaintiffs may not take advantage of section 13-213(d)  because that provision is only available where the injury is not immediately discoverable.          

The pertinent portions of the Illinois statute provide:

"(b) Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period."  735 ILCS 5/13-213(b) (West 1994).

"(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant 
knew, 
or through the use of reasonable diligence 
should have known
, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred."  (Emphasis added.) 735 ILCS 5/13-213(d) (West 1996).

The statute of repose is not a true statute of limitations.  A statute of limitations governs the time within which lawsuits may be commenced after a cause of action has accrued.  A statute of repose extinguishes a right of action before the right of action ever arises.  
Thornton v. Mono Manufacturing Co.
, 99 Ill. App. 3d 722, 726, 425 N.E.2d 522, 660 (1981).  Therefore, a statute of repose exempts manufacturers and sellers from liability for actions based in strict liability if the cause of action arises beyond a legislatively designated time limit.     

Plaintiffs argue that section 13-213(d) permits them to bring their action within two years from the date they knew of the injury, because the injury occurred prior to the expiration of the statute of repose set forth in section 13-213(b).  Relying upon 
Elliott v. Sears, Roebuck & Co.
, 173 Ill. App. 3d 383, 527 N.E.2d 574 (1988), and 
American Family Insurance Co. v. Village Pontiac-

GMC, Inc.
, 182 Ill. App. 3d 385, 538 N.E.2d 859 (1989), defendants contend that section 13-213(d) applies only to those situations in which the plaintiff's injury is not immediately discoverable by the injured party.

In 
Elliott
, the plaintiff filed suit against the defendant on July 11, 1984, alleging that he was severely injured by a radial saw which was sold by the defendant.  The saw was manufactured by Emerson Electric Company in November 1965 and shipped to the defendant, Sears, in December 1965.  The defendant sold the saw to the plaintiff in early 1982.  The plaintiff was injured on May 3, 1983.  The defendant argued that the plaintiff's claim was extinguished because his injuries occurred more than 12 years after the date of first sale, based upon the provisions of section 13-

213(b).  The trial court granted summary judgment on that basis.  

On appeal, the plaintiff encouraged the court to ignore that language in subsection 13-213(b) which firmly established that the shorter of the two repose periods would extinguish the claim.  The plaintiff argued that the phrase "within any of the periods provided in subsection (b)", contained in first sentence of section 13-213(d), should be interpreted to mean that if the injury occurs within either the 12-year or the 10-year repose period, then a plaintiff is entitled to file his lawsuit within two years of the injury.  In 
Elliott
, the court did not attempt to construe the ambiguity created by these subsections.  Instead, the court simply declared that subsection (d) was only available to plaintiffs whose injuries were not immediately discoverable.  
Elliott
, 173 Ill. App. 3d at 394-95, 527 N.E.2d 574.  No explanation or rationale was given for this holding.

A few years later, the Illinois Supreme Court addressed the issue raised by the plaintiff in 
Elliott
.  In 
Garza v. Navistar International Transportation Corp.
, 172 Ill. 2d 373, 384-85, 666 N.E.2d 1198, 1203 (1996), the supreme court held that when subsection (d) states "within any period provided in subsection (b)", it means whichever of the 10- or 12-year provisions will act as the period of repose.  In 
Garza
, the supreme court also cited with approval a federal district court decision, 
Taylor v. Raymond Corp.
, 719 F. Supp. 738 (N.D. Ill. 1989), 
aff'd
, 909 F.2d 225 (7th Cir. 1990), which held that the two-year extension provided in section 13-213(d) applied even to plaintiffs who suffer an immediately discoverable, sudden, and traumatic injury, as long as the injury occurred within the repose period.  
Garza
, 172 Ill. 2d at 385, 666 N.E.2d 1198.  Thus, the 
Garza
 decision seems to call the 
Elliott
 holding into question.  

In our view, the 
Elliott
 decision provides nothing more than a declaration that subsection (d) applied only to plaintiffs whose injuries are not readily ascertainable.  It provides no guidance or analysis as to how the conclusion was reached.  
American Family Insurance Co.
 merely adopts the 
Elliott
 holding without providing any reason as to why it should be followed.  
American Family Insurance Co.
, 182 Ill. App. 3d at 389, 538 N.E.2d 859.  Neither decision furnishes any reason for distinguishing between a plaintiff who is unable to file a lawsuit because he has not discovered his injury in time and a plaintiff who is unable to file a lawsuit because he does not have sufficient time to act after sustaining the injury. 

Having considered the product liability statute as a whole, we find nothing in the statute which provides a basis to conclude that the legislature intended to treat these situations differently.  We respectfully disagree with the holdings in 
Elliott
 and 
American Family Insurance Co.
 insofar as they conclude that section 13-

213(d) is meant to apply only to those cases where the injury is not immediately discoverable, and therefore, we decline to follow those holdings.

Subsection (d) does not provide, expressly or by implication, that a plaintiff who is injured by an unsafe product prior to the expiration of the statute of repose cannot rely upon the two-year extension merely because his injury is traumatic and readily ascertainable.  Nor can we glean any direct or implied legislative intent to discriminate against a plaintiff merely because his injury is readily ascertainable.  

Under defendants' proposed interpretation, a plaintiff who is injured one day before the applicable repose period expires (and immediately knows he is injured) must file his lawsuit within one day, well before the applicable two-year statute of limitations period runs.  If he does not file within that one day, the repose period will extinguish his claim.  In contrast, if he is unaware he is injured, he will have two years within which to file suit after he learns of his injury.  This would be absurd.  "In construing statutory language, a court will assume that the legislature did not intend to produce an absurd or unjust result."  
Cummins v. Country Mutual Insurance Co.
, 178 Ill. 2d 474, 479, 687 N.E.2d 1021 (1997).

The plain language of subsection (d) avoids this unjust result by giving the plaintiff back his two-year limitations period.  The purpose of subsection (d) is to protect plaintiffs who are injured within the repose period but are unable to file suit before it expires.  The legislature chose to ameliorate the harshness of the repose rule in those cases where the injury occurs within the repose period.  Undoubtedly, the legislature recognized that a plaintiff may be unable to discover his injury or may be unable to contact a lawyer, complete an investigation, and file suit prior to the expiration of the statute of repose.  This exception clearly maintains a balance between the constitutionally established policy of providing a remedy for every wrong and the potential for injustice posed by an increase in the difficulty of proof that accompanies the passage of time.  
Williams v. Brown Manufacturing Co.
, 45 Ill. 2d 418, 432, 261 N.E.2d 305 (1970).

In our view, subsection (d) was designed to protect a plaintiff whose injury occurs within the applicable repose period but who cannot commence suit until after it expires.  By its plain language, subsection (d) applies not only to those situations in which the injury is not immediately discoverable but also to those situations in which the injury is readily discoverable by the injured party.  See 
Garza
, 172 Ill. 2d at 385, 666 N.E.2d 1198 (where the Illinois Supreme Court favorably acknowledged the federal district court's reasoning in 
Taylor v. Raymond Corp.
, 719 F. Supp. 738 (N.D. Ill. 1989)).

The resolution of this appeal requires us to construe sections 13-213(b) and 13-213(d) in light of the undisputed facts.  We do not find subsection 13-213(d) to be ambiguous.

Section 13-213(d) begins by stating, "Notwithstanding the provisions of subsection (b) ***."  735 ILCS 5/13-213(d) (West 1996).  
Notwithstanding
 means "in spite of".  
Davis v. Toshiba Machine Co.
, 297 Ill. App. 3d 440, 697 N.E.2d 312, 314 (1998).  In enacting subsection (d), the legislature created an exception to the strict provisions of section 13-213(b).  Subsection (d) provides an exception in those cases where "the injury occurred within any of the periods provided in subsection (b) and paragraph (2) of subsection (c)".  735 ILCS 5/13-213(d) (West 1996).  "Within any period provided in subsection (b)" means whichever of the 10- or 12-year provisions will act as the period of repose.  
Garza
, 172 Ill. 2d 373.  Therefore, if the plaintiff's injury occurs prior to the expiration of the statute of repose, the plaintiff may bring an action within two years after the date on which the claimant 
knew 
or through the use of reasonable diligence 
should
 
have
 
known
 of the existence of the injury. 

We do not find that the legislature intended the phrase "knew or through the use of reasonable diligence should have known" to apply only to injuries which are not readily ascertainable.  In products liability cases, this phrase has been interpreted to mean that the statute of limitations begins to run when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused.  
Nolan v. Johns-Manville Asbestos
, 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868 (1981).  The identical language is used in the statute of limitations governing medical negligence actions (735 ILCS 13-212 (West 1996)) and has been similarly interpreted.  
Roper v. Markle
, 59 Ill. App. 3d 706, 375 N.E.2d 934 (1978).  

The question of when a party knew or reasonably should have known of both an injury and its wrongful cause is one of fact, unless the facts are undisputed and only one conclusion can be drawn from them.  
Nolan
, 85 Ill. 2d at 171, 421 N.E.2d 864 (1981). "Wrongfully caused" does not mean that the plaintiff must have knowledge of the defendant's negligent conduct before the statute is triggered.  
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 416, 430 N.E.2d 976, 980 (1981).  At some point, the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.  At that point, under the discovery rule, the running of the limitations period commences. 
Knox College
, 88 Ill. 2d at 416, 430 N.E.2d 976. 

In determining when a plaintiff knew or reasonably should have known that his injury was caused by wrongful conduct, courts often look to the nature of the injury itself.  
Walters v. Marion Memorial Hospital
, 217 Ill. App. 3d 744, 577 N.E.2d 915 (1991).  If the injury is traumatic in nature, that is, immediate and caused by an external force or violence, the plaintiff knows or should know of his right to sue when injured.  
Walters
, 217 Ill. App. 3d at 747, 577 N.E.2d 915; 
Saunders v. Klungboonkrong
, 150 Ill. App. 3d 56, 60, 501 N.E.2d 882, 885 (1986).  

This same reasoning has been applied in products liability cases.  When injuries are suffered as part of a sudden traumatic event, the statute of limitations begins to run when the plaintiff first knew of his right to sue, 
i.e.
, at the time the injury occurred.  
Williams
, 45 Ill. 2d at 432, 261 N.E.2d 305. 

Having construed the terms used in section 13-213(d), we now determine whether the court properly applied the law to the facts of this case.  In order for plaintiff to take advantage of the additional two-year period provided in 13-213(d), plaintiff must have sustained his injuries within the earlier of 12 years from the date of first sale, lease, or delivery of possession by a seller or 10 years from the date of first sale to the initial user.  
Garza
, 172 Ill. 2d at 384-85, 666 N.E.2d 1198.  

Here, plaintiff was injured by an allegedly unsafe product on May 1, 1992.  It is undisputed that plaintiff knew he was injured on May 1, 1992.  The subject ATV was manufactured on June 2, 1982.  It was sold to the initial user on March 3, 1983.  The complaint was filed on April 29, 1994.  Based upon these undisputed facts, plaintiff's injury occurred within 12 years from the date the ATV was manufactured and within 10 years from the date that the ATV was sold to its initial user.  Therefore, plaintiff was injured prior to the expiration of both the 10-year and the 12-year repose periods set forth in section 13-213(b).   

In this case, plaintiff suffered a traumatic injury on May 1, 1992.  Plaintiffs have not argued that they had no reason to know that the injury was caused by wrongful conduct.  
Williams
, 45 Ill. 2d at 432, 261 N.E.2d 305.  Plaintiffs have admitted that they knew of the existence of the personal injury on the date of the incident.  See 
Nolan
, 85 Ill. 2d at 166, 421 N.E.2d 864.  Pursuant to the provisions of section 13-213(d), plaintiffs had two years from the date of the injury to file a cause of action based upon a strict product liability theory.  Plaintiffs' complaint was filed on April 29, 1994.  It was clearly filed within the two-year period provided in section 13-213(d).  

Therefore, we find that the trial court erred in finding that counts I and III of plaintiffs' complaint were barred by the statute of repose and in dismissing them on that basis.  We note that defendants alleged other grounds to dismiss the complaint in their respective section 2-619 motions, which were not ruled on by the trial court and which are not before us.  In this opinion, we take no position on the merits of these other grounds.

Accordingly, we reverse the order dismissing counts I and III and remand the case for further proceedings.

Reversed and remanded.

CHAPMAN and GOLDENHERSH, JJ., concur.