DIANE GAYLE LUTES, Adm'r of the Estate of Shawna Renae Lutes, Deceased, Plaintiff-Appellant, v. WILLIAM J. FARLEY, M.D., et al., Defendants-Appellees.

Third District   No. 82—491

Opinion filed January 13, 1983.—Rehearing denied April 11, 1983.

Charles McRae Leonhard and James E. Gambill, both of Allen Korkowski & Associates, of Rantoul, for appellant.

Murvel Pretorius, Jr., of McConnell, Kennedy, Quinn & Johnston, and Douglas J. Pomatto and Roger R. Clayton, both of Heyl, Royster, Voelker & Allen, both of Peoria, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

On April 5, 1982, the plaintiff-appellant, Diane Gayle Lutes, as administrator of the estate of Shawna Renae Lutes, deceased, filed a

one-count complaint sounding in medical malpractice against the defendants-appellees, William J. Farley, M.D., and Mary Bradish, a midwife. The defendants filed separate motions for judgment in their favor pursuant to section 48(e) of the Civil Practice Act, now section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1979, ch. 110, par. 48(e), now Ill. Rev. Stat. 1981, ch. 110, par. 2—619). Following a hearing, the trial court granted the defendant's motions and entered judgment in their favor. The plaintiff appealed.

The defendants based their motions on the allegation that the plaintiff's complaint was barred on its face by the two year statute of limitations found in section 21.1 of the Limitations Act. That statute reads as follows:

"No action for damages for injury or death against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." Ill. Rev. Stat. 1979, ch. 83, par. 22.1.

To determine whether the trial court properly applied this statute to enter judgment in favor of the defendants as a matter of law, we must examine the factual basis for the plaintiff's cause of action. The plaintiff alleged that on May 1, 1978, defendants William J. Farley, M.D., and Mary Bradish, a midwife, negligently rendered medical services to the plaintiff at St. Margaret's Hospital, resulting in the stillbirth of Shawna Renae Lutes, deceased. The complaint specifically alleged, *inter alia*, that the defendants administered morphine to the plaintiff, proximately resulting in the death of the deceased. The complaint further alleged that the negligence of the defendants was "unknown or could not have been known to the plaintiff until the middle of July, 1980 when [plaintiff's] sister embarked upon a nursing course and in the course of her studies, determined that morphine should not be administered to a pregnant mother."

The plaintiff admits that her complaint was not brought within two years of the stillbirth of the decedent. She submits, however, that her complaint was timely filed pursuant to the "discovery rule" found in section 21.1 of the Limitations Act (Ill. Rev. Stat.

1979, ch. 83, par. 22.1). The discovery rule as applied to medical malpractice cases means that the cause of action does not accrue in the sense of triggering the statute of limitations until the plaintiff learned of her injury or should have learned of it. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450; *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) In those situations in which the plaintiff neither knew nor had reason to know of the injury at the time it occurred, litigation can be commenced beyond the normal two-year statutory period if it is initiated within the four-year outer limit set forth in the statute. Thus the definition of the term "injury" becomes critical. In those cases where substantial intervals exist between the time at which a plaintiff should have known of the physical injury and the time at which she should have known that it was negligently caused, the definition of "injury" as including or excluding its wrongful causation is significant. *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 155, 421 N.E.2d 869, 873.

Because the statute of limitations starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused, the burden falls upon the injured person at the time of discovery of the injury and causation, to inquire further as to the existence of a cause of action. (*United States v. Kubrick* (1979), 444 U.S. 111, 62 L. Ed. 2d 259, 100 S. Ct. 352.) If the time at which an injured party knows or reasonably should have known both of his injury and that it was wrongfully caused is a disputed question, it is to be resolved by the finder of fact. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) If only one conclusion can be drawn from the undisputed facts, the question of the timeliness of the plaintiff's complaint becomes one for the court. *Berry v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.

█ In the case at bar, the plaintiff's injury occurred in May 1978 with the stillbirth of her daughter, Shawna Renae Lutes. The plaintiff alleges in her complaint that she did not learn of the wrongful causation of that injury until July 1980, when her sister embarked upon a nursing course and determined that morphine should not be administered to a pregnant woman. Thus, the question before us is whether the plaintiff's belated discovery of the alleged wrongful causation of her injury is reasonable. We agree with the lower court's finding that it is not. Certainly, the stillbirth of a child is a sudden, traumatic event which should prompt some investigation by the injured party and trigger the application of the discovery rule. (*Berry v. G.D.*

*Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.) In contrast, where the injury is one with an insidious onset for which a date of injury cannot be fixed, particularly by a layman, the discovery rule is not applied to bar a cause of action brought more than two years after the injury occurs. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) The fortuitous circumstance of the plaintiff's sister starting a nursing career more than two years after the stillbirth of the plaintiff's daughter does not indicate reasonable behavior on the part of the plaintiff such as would have extended the statute of limitations date beyond the normal two-year period.

For the foregoing reasons, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.