VICTOR J. SAWKO, Plaintiff-Appellant, v. DOMINION PLAZA ONE CON-DOMINIUM ASSOCIATION No. 1-A, Defendant-Appellee.

Second District   Nos. 2—90—0447, 2—90—0904 cons.

Opinion filed September 4, 1991.

522

Victor J. Sawko, of Addison, appellant *pro se.*

William J. Wylie, Ronald P. Lilek, and Stephen A. Rehfeldt, all of William J. Wylie & Associates, of Wheaton, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

In this consolidated appeal, the plaintiff, Victor Sawko, appeals from the court's dismissal of count III of his complaint, the granting of summary judgment to the defendant Dominion Plaza One Condominium Association No. 1-A (the Condominium Association) on counts I and II, and the denial of his cross-motion for summary judgment on counts I and II. We reverse in part and remand.

The Condominium Association is a not-for-profit corporation organized to manage the affairs of a condominium association in which the plaintiff is a member and condominium owner. In August 1987, the plaintiff filed his two-count complaint against the Condominium Association. In count I of the complaint, the plaintiff alleged that around 1983, after he became an owner, the Condominium Association acquired additional property including a parking structure he calls the "West Garage." The plaintiff further alleged that since May 1986 he and his family had parked one of their cars in the West Garage. According to the count I allegations, the Condominium Association board (the board) had decided in closed meetings to restrict West Garage parking, assigning some spaces in violation of the plaintiff's and other unit owners' right to nonexclusive parking there. The plaintiff sought an injunction against enforcement of the Condominium Association's resolution to assign the West Garage parking spaces.

In count II, the plaintiff alleged that the board had violated the Condominium Association's declaration of condominium (the declaration) with its purchase of a sweeper-scrubber and storage lockers. He cited the declaration provision that limited annual spending for "capital additions and improvements." Also in count II, the plaintiff alleged that the board had acted without authority when it had paid assessments of the Dominion Country Club Homeowners Association (the Road Association) from "the maintenance fund." The plaintiff sought judgment declaring the parties' respective rights and liabilities and limiting the Condominium Association's actions, and for such other relief as the court would deem fit.

In September 1989, the plaintiff amended his complaint to add count III. In count III, the plaintiff alleged that the Road Association membership comprises all unit owners in the defendant Condominium Association plus the surrounding townhouse owners. He cited Condominium Association and Road Association bylaws related to the Condominium Association's authority to collect *pro rata* annual and special assessments on the Road Association's behalf. Further, he alleged that since January 1986 the Condominium Association's only Road Association assessments to unit owners had been a monthly amount of $9.37 plus a $75 special assessment in 1986. He also alleged that since January 1986 the Condominium Association had paid in excess of $100,000 to the Road Association or to lawyers on the Road Association's behalf; that those payments were not collected *pro rata* from all unit owners; that the payments were made from "the common fund"; and that they were *ultra vires*. He sought to enjoin the Condominium Association's use of its common fund to pay Road Association legal fees and expenses.

The Condominium Association first moved, under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), to dismiss count III of the complaint. It relied on two allegations: (1) that certain paragraphs of that count were mere quotes from the Road Association bylaws, while a copy of the bylaws was not attached to the complaint; and (2) that the remainder of the count was merely conclusory statements that failed to state a cause of action. The court granted the motion without any explanatory comment. The plaintiff appealed.

Thereafter, the parties brought cross-motions for summary judgment on counts I and II. The court denied the plaintiff's motion and granted the defendant's motion. The plaintiff appealed, excepting that it did not appeal from the court's order regarding the sweeper-scrubber. That appeal was consolidated with the appeal from the dismissal of count III.

In the consolidated appeal, we first address the court's dismissal of count III. The plaintiff argues that, contrary to the court's apparent conclusion, count III presented a justiciable issue. In that regard, the plaintiff cites the not-for-profit corporation act's provision for proceedings against *ultra vires* corporate acts. (Ill. Rev. Stat. 1989, ch. 32, par. 103.15.) He asserts generally on that specific statutory authority that an injunction was a proper remedy to control the Condominium Association's *ultra vires* acts.

■ Under section 2—615 of the Code of Civil Procedure, a motion to dismiss for insufficient pleadings must point out specifically the alleged insufficiency. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(b).) When a complaint states a cause of action, the trial court lacks discretion to grant a motion to dismiss. *Preferred Risk Mutual Insurance Co. v. Hites* (1970), 125 Ill. App. 2d 144, 150.

■ In its section 2—615 motion, the Condominium Association first relied upon the plaintiff's mere citation of bylaw provisions without submission of a copy of the bylaws. We find no basis for dismissal on those grounds. We note that the plaintiff's count III claims recited the relevant provisions in compliance with section 2—606 of the Code of Civil Procedure. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—606.) Furthermore, we find no basis for dismissal in the Condominium Association's general assertion that the remainder of count III is "mere conclusory statements that failed to state any claim or cause of action."

In count III, the plaintiff alleged, among other things, that the Condominium Association had special authority to collect *pro rata* Road Association assessments from unit owners and that the Condominium Association had made *ultra vires* payments of Road Association legal fees out of its common fund. The plaintiff also made proper allegations re-

garding the availability of alternate relief, the likelihood of success on the merits, and emergency to support his request for injunction. (See *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority* (1982), 104 Ill. App. 3d 957, 965.) Although the pleading is perhaps inartful, we find that it is sufficiently specific to state a claim for injunction against alleged *ultra vires* payments by the Condominium Association.

In so finding, we are unpersuaded by the Condominium Association's arguments on appeal that the plaintiff has waived his right to argue the cause of action under section 103.15 of the General Not For Profit Corporation Act of 1986 (Ill. Rev. Stat. 1989, ch. 32, par. 103.15) and that he thus has waived his exclusive means to enjoin *ultra vires* acts by the Condominium Association. We note that although the plaintiff's pleadings failed to cite to the section 103.15 *ultra vires* provision of the not-for-profit corporation statute (see 134 Ill. 2d R. 133(a)), they nevertheless specifically alleged *ultra vires* acts by the Condominium Association.

We are fully unpersuaded by the Condominium Association's argument that section 103.15 appears to be the exclusive means "[for the plaintiff] *** to enjoin [the Condominium Association's] alleged *ultra vires* acts." When the legislature enacts a statute establishing a means to enforce existing rights, such as the common-law right of *ultra vires* as in this case (see *Lincoln Park Traps v. Chicago Park District* (1944), 323 Ill. App. 107), there is no presumption that the statutory means is intended either as an exclusive remedy or to abolish other actions at common law or equity; the legislature usually must express that intent to give such a preemptive effect. (*Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 221.) We find no indication of such an intent in the language of section 103.15. The absence of case law on common-law actions by members of a not-for-profit corporation not to the contrary, we find no waiver of an exclusive remedy.

Likewise, we find no basis for dismissal based upon the Condominium Association's challenge to the plaintiff's standing to bring the action. Although the Condominium Association correctly states that the plaintiff does not assert that he is in the group of persons who allegedly are being disproportionately assessed for the Road Association's legal fees, count III also alleges injury to the plaintiff in the general weakening of the Condominium Association common fund; that weakening affects all unit owners, including the plaintiff.

We find that the trial court erred in dismissing count III. That count stated a justiciable cause of action. Consequently, we reverse the court's determination on count III.

We now address the parties' arguments regarding their cross-motions for summary judgment. Regarding the plaintiff's parking-space issue, presented in count I, the Condominium Association relied primarily upon Article V, paragraph 7, of the condominium declaration. Under paragraph 7, the board may, at any meeting called for that purpose, when a quorum is present, adopt reasonable rules and regulations covering topics including use of the property's parking space. The Condominium Association alleged that it had authority under paragraph 7 to make its West Garage assignments to accommodate handicapped condominium owners and remedy unsafe conditions. The Condominium Association also asserted that the plaintiff's complaint was moot because he had been allotted two West Garage parking spaces. Furthermore, the Condominium Association suggested that because the plaintiff was using those two West Garage spaces, he lacked "clean hands" to pursue his equitable action.

In his memorandum opposing the Condominium Association's motion for summary judgment, and supporting his cross-motion for summary judgment, the plaintiff emphasized his assertion that no notice was given unit owners that the board intended to assign West Garage parking spaces. He also asserted that no unsafe conditions created a valid reason for assigning spaces. On appeal, the plaintiff argues that the board's parking decision was made without prior notice to unit owners and without unit owners' approval. He asserts that it was, thus, in violation of the condominium declaration's Article XII, paragraph 9, which sets out procedures to modify the declaration's provisions regarding the unit owners' ownership of the common elements.

In response, the Condominium Association first argues that the court's summary judgment orders should be affirmed, albeit on different grounds from those expressed by the court. According to the argument, the West Garage space is not part of the condominium "common elements" and, thus, not controlled by the condominium declaration relied upon by the plaintiff. Alternatively, the Condominium Association argues that the court correctly determined that the board had authority to adopt its rule assigning parking spaces.

In its subarguments, the Condominium Association urges (1) that a rule or regulation assigning a portion of the common elements as parking space does not effectively diminish individual owners' interest in the common elements; (2) that the board's parking rule was reasonable under condominium declaration Article V, paragraph 7; and (3) that if the board generally had had authority to create its parking rule, the notice provided was adequate and the plaintiff has no standing to urge lack of notice. It also reiterates a variation on its earlier argument that the

West Garage space property was not subject to the Condominium Property Act so that that act's section requiring advance notice of proposed rules and regulations (Ill. Rev. Stat. 1989, ch. 30, par. 318.4(h)) is of no consequence.

■ Summary judgment is a drastic remedy and must be granted only when the movant's right to judgment is clear as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) It should be granted when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) In considering a motion for summary judgment, the trial court must draw all reasonable inferences from the record in favor of the nonmoving party. (*Knief v. Sotos* (1989), 181 Ill. App. 3d 959, 963.) The reviewing court then must determine whether the trial court correctly concluded that there were no genuine issues of material fact and whether the judgment was correct as a matter of law. *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 571.

■ In reviewing the court's order of summary judgment for the Condominium Association, we summarily dismiss the Association's arguments based upon its assertion that the West Garage property neither was covered as part of the "common elements" under the condominium declaration nor was subject to the Condominium Property Act. In paragraph 10 of count I, the plaintiff alleged that the property at issue here, including the West Garage, "became part of commonly owned property maintained by Defendant through the maintenance fund." The Condominium Association's answer to paragraph 10 was as follows: "Defendant admits the allegations contained in Paragraph 10 of Count I of the Complaint and therefore neither admits nor denies same, but demands strict proof thereof." Construing the record strictly most favorably to the plaintiff, as we must, we find that in its answer, the Condominium Association admitted the inclusion of the subject property in the common elements. Accordingly, its current arguments to the contrary must fail.

We next consider whether the record supports summary judgment for the Condominium Association because the Association's adoption of the parking rule did not diminish the plaintiff's interest in the common elements. On this issue the Condominium Association challenges the plaintiff's reliance on two cases: *Stuewe v. Lauletta* (1981), 93 Ill. App. 3d 1029, and *Schaumburg State Bank v. Bank of Wheaton* (1990), 197 Ill. App. 3d 713. Those cases touch the issue of diminution of common elements.

The *Stuewe* court reversed dismissal of a complaint challenging a condominium developer's "lease/easement" of a portion of the condominium common elements. By that lease/easement, the defendant was to acquire parking space. The court observed that the common elements had been diminished as to other tenants by that redesignation. *Stuewe*, 93 Ill. App. 3d at 1031.

Among other things, the *Schaumburg* court considered whether the purported easement there, one for pedestrian and vehicle traffic over a "common elements" area serving as a driveway, constituted a change in the percentage of each condominium unit's common ownership. The court noted that the grant of the easement did not diminish the individual owner's percentage of undivided interest in the condominium common elements: each plaintiff unit owner owned a one-eighth undivided interest in the condominium common elements both before and after the easement. (*Schaumburg*, 197 Ill. App. 3d at 721.) Further, the court found that the plaintiffs' interest in the common elements had not been diluted because of any diminishment in the common elements parcel itself. (197 Ill. App. 3d at 721.) The court found that the individual owner's individual interest was not diminished by the grant to a third party of a nonexclusive use or easement over the common elements; the court concluded that that interest would have been diminished only if the use or easement was exclusive and precluded an owner from using a portion of the common elements to which he previously had had access. 197 Ill. App. 3d at 721; see also *Parrillo v. 1300 Lake Shore Drive Condominium* (1981), 103 Ill. App. 3d 810.

Considering the authority of *Stuewe* and *Schaumburg*, we disagree with the Condominium Association's argument that it has not granted any exclusive rights in its designation of reserved West Garage parking. We do not challenge the Condominium Association's assertion that it has granted no easement and that the owners to whom West Garage parking has been designated have no right to transfer their West Garage parking rights. Neither do we challenge the Condominium Association's point that it is at the condominium board's pleasure that owners occupy designated West Garage space. Nevertheless, the parking allowances made in this case are not of the nonexclusive *Schaumburg* nature.

Although the parking grants here gave a smaller property right than that of the easement in *Stuewe*, they certainly are grants of exclusive use, albeit for an undetermined time period. In *Schaumburg*, where the court found a nonexclusive grant, unit owners could continue after the grant to drive upon the challenged area, with little change from before the grant. The grants here, to the contrary, fully preclude the plain-

tiff and other unit owners from use of common elements' parking to which they previously had access.

In conclusion, we find that the West Garage parking space allocation diminished the plaintiff's interest in the common elements associated with his condominium ownership. Further, we note that the Condominium Association acknowledges on appeal that no rule or regulation that diminishes the plaintiff's interest in the common elements may be adopted without the unanimous consent of all Condominium Association members. Additionally, the plaintiff included in his affidavit that the Condominium Association's parking rule was adopted following an executive session of the board and without prior notice to owners that the issue would be presented at the meeting. Thus, considering the Condominium Association's concession that a rule diminishing the plaintiff's "common elements" interest may not be adopted without unanimous membership consent, we proceed to the plaintiff's further argument on appeal.

The plaintiff's further argument is that the court should have granted his cross-motion for summary judgment. Insofar as that cross-motion addressed the parking issue, it was limited to what the plaintiff characterized as "[t]he only legal issue in Count I:" whether the board had authority to make its exclusive parking assignment. We find that the plaintiff's cross-motion on count I is, in effect, a motion for partial summary judgment on the question of the board's authority for its parking rule. See Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(d).

In addressing the court's denial of the plaintiff's cross-motion, we do not construe the Condominium Association's answer to paragraph 10 of the plaintiff's complaint as an admission that the subject property was included in the common elements. Thus, we address the Condominium Association's arguments that the property is not subject to the condominium declaration's provisions covering the common elements.

We find that the Condominium Association's argument that the property is not included in the condominium's common elements misplaces reliance on *Stuart Town Homes Corp. v. Rosewell* (1988), 176 Ill. App. 3d 59. The *Stuart* case merely focused upon whether the tax status of the plaintiff townhouse corporation there should have been analyzed under the principles of condominium corporation law. In that case, unlike here, no property of the corporation had been submitted to the provisions of the Condominium Act.

We are aware of no authority that directly answers the question of what role the articles of condominium properly play regarding the garage property here. The Condominium Association correctly observes that it is empowered to acquire and hold title to real estate in its own

name. (Ill. Rev. Stat. 1989, ch. 32, par. 103.10(d).) It also correctly observes that in Illinois, corporation members or shareholders generally hold no legal or equitable title in the corporation's property. *Winakor v. Annunzio* (1951), 409 Ill. 236, 250-51.

Nevertheless, here, according to the well-alleged and uncontradicted facts in the plaintiff's affidavit, the Condominium Association purchased the garage property on behalf of the unit owners, with funds individual owners had contributed to the Association's common fund. The Condominium Association does not offer any counterevidentiary affidavits in that regard. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587.) Further, as the plaintiff points out, the Condominium Association apparently intended, at least for tax purposes, for the property here to be included in the common elements. The record shows that the Association did not budget funds to pay real estate taxes on the property; apparently it intended the individual unit owners to pay the taxes as they would on common condominium property under the Act. Ill. Rev. Stat. 1989, ch. 30, pars. 309(c), 310(a).

We note again that according to the plaintiff's uncontradicted affidavit, the garage property was acquired with common funds and was acquired in the interest of the condominium owners, and we find that the property was intimately connected with the property covered under the condominium declaration and that it was available for use and control by the individual owners. (See *Cambridge-on-the-Lake Homeowners Association v. Hynes* (1983), 116 Ill. App. 3d 63, 65.) Here, where it was the unit owners' common funds which financed the garage purchase, that finding is consistent with a resulting-trust-like analysis whereby when two persons together advance the price of property and title is taken in only one of their names, a trust results in favor of the other, in proportion to his contribution to the purchase. (*Caudill v. Beil* (1984), 127 Ill. App. 3d 847, 852.) Considering those factors, the fact that we find no remaining questions of material fact, and the analysis preceding our determination that the Condominium Association was improperly granted summary judgment on this issue, we conclude that the Association's actions towards the garage property should be regulated by the condominium declaration's provisions covering common elements and that the plaintiff was entitled to summary judgment in that regard. We find no barrier to that judgment in the fact that the plaintiff has been assigned and is using two spaces in the West Garage, pending the nonexclusive use that he seeks.

■ Additionally, we address the plaintiff's complaint for declaratory judgment regarding the Condominium Association's payments to the Road Association. According to the complaint, the Condominium As-

sociation had lacked authority and had exceeded its authority by paying Road Association assessments out of the "maintenance fund."

Under the Condominium Association's declaration of condominium, each unit owner shall pay a share of the expenses of administration, maintenance and repair of the common elements; except as otherwise provided, each owner's share of such expenses shall be related to his percentage of ownership in the common elements. (Article VI, paragraph 1.) Among other provisions, the declaration provides that members of the Condominium Association are subject to assessment by the separate entity of the Road Association; those assessments, pursuant to Article IV, paragraph 4.05, in the Road Association's declaration, "shall be fixed and levied equally among all Dwelling Units, share and share alike."

The Condominium Association maintains it has the right to make assessments using either the percentage-of-ownership method or the equal-contribution method. We find no support for that position. Under the two respective declarations, the funds supporting the separate associations are to be assessed under different formulae. There is no provision giving the board discretion to use funds collected for one association to benefit the other. Construing the record to favor the Condominium Association, we find that the plaintiff successfully has demonstrated his entitlement to declaratory judgment that the Condominium Association's use of the proportionately assessed "common fund" for Road Association assessments is improper. Accordingly, we reverse the trial court's grant of summary judgment to the Condominium Association in this regard and direct the trial court to enter summary judgment in favor of the plaintiff.

Based on the foregoing, we reverse the judgment of the circuit court of Du Page County, except as it covered the Condominium Association's purchase of a sweeper-scrubber unit from which the plaintiff brought no appeal. We remand the cause with instructions for the court to enter summary judgment in favor of the plaintiff on counts I and II, except as to the sweeper-scrubber, and to reinstate the plaintiff's count III, consistent with our decision.

Reversed and remanded with directions.

BOWMAN and McLAREN, JJ., concur.