599 N.E.2d 464 (1992)
233 Ill. App.3d 319
174 Ill.Dec. 380
Kelly A. SHARPENTER, Indiv. and as Mother and Next Friend of Ami Orava, Plaintiff-Appellant,
v.
Kevin F. LYNCH, et al., Defendants-Appellees.
No. 2-91-1457.
Appellate Court of Illinois, Second District.
August 26, 1992.
*465 Edgar P. Petti, Winston & Strawn, Geneva, David S. Acker, Winston & Strawn, Chicago, for Kelly A. Sharpenter.
Caroline A. Mondschean, Joshua G. Vincent, George W. Spellmire, Jr., Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, for Kevin F. Lynch, William J. Wylie, Wylie, Wheaton & Assoc., PC and John S. Biallas.
Weiler & Noble, P.C., Rory T. Weiler, Elburn, Broderick & Dunn, Joyce E. Zupancic, Chicago, for defendants-appellees.
Presiding Justice INGLIS delivered the opinion of the court:
Plaintiff, Kelly Sharpenter, appeals after the trial court dismissed with prejudice counts I, III, V, and VII of her legal malpractice complaint against defendants, John Biallas, Kevin Lynch, William Wylie, and Wylie, Wheaton and Associates, P.C., also known as William J. Wylie and Associates, P.C. The dismissed counts related to a loss of consortium claim against David Jenkins, who was involved in an automobile accident with Sharpenter's ex-husband, John Orava. Sharpenter contends that the trial court erred in dismissing counts I, III, V and VII based on the statute of limitations. We affirm.
On April 30, 1981, John Orava was involved in an automobile accident with David Jenkins. Shortly after the accident, Sharpenter, the former Mrs. Orava, noticed that Orava's behavior had changed. He was abusive, irritable, mean, devious and perverted. He struck Sharpenter, and he took their daughter to southern Illinois and threatened not to return. Sharpenter suggested to Orava that he see a doctor, but he refused. Orava's behavior led to their separation and eventual divorce in May 1982.
After eventually seeing a doctor, Orava confirmed that he was injured in the automobile accident. On April 28, 1983, Orava filed a negligence action against Jenkins. He claimed that the accident caused him severe physical injuries, including brain damage. In October 1984, Sharpenter received a subpoena to have her deposition taken in Orava's personal injury case. Sharpenter claims that this was the first time she knew that Orava had suffered physical injuries as a result of the accident.
On January 28, 1985, Sharpenter filed a petition to intervene in Orava's case against Jenkins. Sharpenter claimed loss of consortium on behalf of herself as the former spouse and on behalf of her daughter, Ami. Defendants represented Sharpenter in this action. Sharpenter's petition was denied because the case was close to trial and would prejudice Jenkins.
On April 4, 1985, Sharpenter filed an independent loss of consortium action against Jenkins, with defendants as counsel, after Orava settled his claim against Jenkins for $80,000. Sharpenter's action was voluntarily dismissed on July 14, 1986, and refiled on July 10, 1987. The case was dismissed for want of prosecution on August 23, 1988.
*466 Thereafter, Sharpenter brought this legal malpractice action against defendants. Sharpenter's original complaint alleged that defendants negligently and fraudulently represented her and her daughter in the loss of consortium proceedings and the proceedings related to the sequestration and division of Orava's $80,000 settlement with Jenkins. Defendants filed motions to dismiss her complaint pursuant to sections 2-615, 2-619 and 2-619.1 of the Civil Practice Law (Ill.Rev.Stat.1991, ch. 110, pars. 2-615, 2-619, 2-619.1), arguing, inter alia, that Sharpenter's loss of consortium action was barred by the statute of limitations.
On November 1, 1991, the trial court dismissed Sharpenter's complaint because the underlying loss of consortium action was barred by the statute of limitations. The court stated that Sharpenter knew of the accident and the possibility of a cause of action at the time of the occurrence. Sharpenter moved to vacate the dismissal and sought leave to file a first amended complaint. The court granted the request to file an amended complaint, and Sharpenter filed an amended eight-count complaint.
Count I of the amended complaint alleged defendants were negligent in representing Sharpenter and her daughter in the loss of consortium action. Count II alleged defendants were negligent in representing Sharpenter and her daughter in proceedings related to the marital property division of Orava's settlement money. Count III alleged breach of contract in representing Sharpenter and her daughter in the loss of consortium action. Count IV alleged breach of contract in representing Sharpenter and her daughter in the property division proceeding. Count V alleged constructive fraud in representing Sharpenter and her daughter in the loss of consortium action. Count VI alleged constructive fraud in representing Sharpenter and her daughter in the property division proceeding. Count VII alleged fraud and deceit in representing Sharpenter in the loss of consortium action. Count VIII alleged intentional infliction of emotional distress for failing to represent Sharpenter in the loss of consortium action.
On November 26, 1991, the same day the amended complaint was filed, the trial court reconsidered its November 1, 1991, ruling in which it dismissed Sharpenter's original complaint. The trial court reiterated that the statute of limitations barred the underlying loss of consortium claim, but that only counts I, III, V and VII of the amended complaint are affected by that decision. The court stated:
"[I]t is the court's position that discovery by the principal is chargeable to a third party who relies in whole or in part upon the incident involving that principal. And even though your argument is it might be a separate cause of action, it is still dependent upon the incident that took place with respect to that principal."
Thus, the trial court dismissed, with prejudice, counts I, III, V and VII of Sharpenter's first amended complaint. Sharpenter then filed a timely notice of appeal.
Sharpenter contends that the trial court erred in holding, as a matter of law, that her loss of consortium claim was barred by the statute of limitations. She argues that the "traumatic event" rule does not apply in this situation. Sharpenter also contends that there remains a question of fact as to when she knew or should have known that her ex-husband was injured in the automobile accident. Finally, Sharpenter contends that defendants are equitably estopped from asserting the statute of limitations bar because they previously argued on behalf of Sharpenter that her action was not time barred.
Defendants contend that Orava's automobile accident was a sudden and traumatic event such that the two-year statute of limitations began running from the time of the accident. Defendants argue that Sharpenter's derivative action is also subject to the "traumatic event" rule. Defendants also contend that the facts are undisputed that Sharpenter should have reasonably known of Orava's injuries within days of the accident. Finally, defendants contend that the doctrine of equitable estoppel is inapplicable.
Attorneys are liable for damages in legal malpractice actions only when they *467 fail to exercise a reasonable degree of skill and care. (Barth v. Reagan (1990), 139 Ill.2d 399, 406, 151 Ill.Dec. 534, 564 N.E.2d 1196.) In an action for legal malpractice, the plaintiff must prove that the attorney owed plaintiff a duty arising from the attorney-client relationship, that the duty was breached, and, as a proximate result, the plaintiff was injured. (Sexton v. Smith (1986), 112 Ill.2d 187, 193, 97 Ill.Dec. 411, 492 N.E.2d 1284.) A legal malpractice action is a "case within a case," meaning that the malpractice complaint is dependent on the underlying lawsuit that established the attorney-client relationship. (Claire Associates v. Pontikes (1986), 151 Ill.App.3d 116, 122, 104 Ill.Dec. 526, 502 N.E.2d 1186.) Thus, no malpractice exists unless the plaintiff proves that, but for the attorney's negligence, plaintiff would have been successful in the underlying action. Sheppard v. Krol (1991), 218 Ill.App.3d 254, 257, 161 Ill.Dec. 85, 578 N.E.2d 212.
Section 2-619.1 of the Civil Practice Law allows combined motions under sections 2-615 and 2-619 (Ill.Rev.Stat.1991, ch. 110, par. 2-619.1). "A motion to dismiss pursuant to section 2-619 of the Code admits all well-pleaded facts as well as any reasonable inferences which may be drawn from those facts." (Streams Condominium No. 3 Association v. Bosgraf (1991), 219 Ill.App.3d 1010, 1013, 162 Ill.Dec. 607, 580 N.E.2d 570.) The trial court may consider the pleadings, affidavits, and deposition evidence. (Bloomingdale State Bank v. Woodland Sales Co. (1989), 186 Ill.App.3d 227, 232, 134 Ill.Dec. 256, 542 N.E.2d 435.) A section 2-619 motion should be granted only if no genuine issue of material fact exists. Bosgraf, 219 Ill.App.3d at 1013-14, 162 Ill.Dec. 607, 580 N.E.2d 570.
When reviewing a dismissal pursuant to section 2-615, all well-pleaded facts within the four corners of the complaint are regarded as true, together with all reasonable inferences drawn in the light most favorable to the plaintiff. (Bank of Northern Illinois v. Nugent (1991), 223 Ill. App.3d 1, 9, 165 Ill.Dec. 514, 584 N.E.2d 948.) A section 2-615 motion must point out specifically the alleged insufficiency in the pleadings. (Ill.Rev.Stat.1991, ch. 110, par. 2-615(b); Sawko v. Dominion Plaza One Condominium Association No. 1-A (1991), 218 Ill.App.3d 521, 525, 161 Ill.Dec. 263, 578 N.E.2d 621.) The trial court lacks discretion to dismiss a complaint if it states a cause of action. (Sawko, 218 Ill.App.3d at 525, 161 Ill.Dec. 263, 578 N.E.2d 621.) A dismissal under section 2-615 should be affirmed only where no set of facts can be proven which set forth a cause of action entitling plaintiff to relief. Nugent, 223 Ill.App.3d at 9, 165 Ill.Dec. 514, 584 N.E.2d 948.
"Loss of consortium encompasses two basic elements of the marital relationship: loss of support and loss of society, which includes companionship and sexual intercourse." (Brown v. Metzger (1984), 104 Ill.2d 30, 34, 83 Ill.Dec. 344, 470 N.E.2d 302.) Actions for loss of consortium shall be commenced within the same time period as actions for injury to such other person. (Ill.Rev.Stat.1991, ch. 110, par. 13-203.) Actions for personal injury shall be commenced within two years after the cause of action accrued. (Ill.Rev.Stat.1991, ch. 110, par. 13-202.) A cause of action accrues when the plaintiff knows or reasonably should have known of the injury and that it was caused by another's wrongful acts. Nolan v. Johns-Manville Asbestos (1981), 85 Ill.2d 161, 171, 52 Ill.Dec. 1, 421 N.E.2d 864.
In the case of a sudden and traumatic event, the cause of action accrues at the time the injury occurred. (Williams v. Brown Manufacturing Co. (1970), 45 Ill.2d 418, 432, 261 N.E.2d 305; Dockery v. Ortiz (1989), 185 Ill.App.3d 296, 306, 133 Ill.Dec. 389, 541 N.E.2d 226.) An injury is traumatic in nature if it is immediate and caused by an external force or violence. (Pszenny v. General Electric Co. (1985), 132 Ill.App.3d 964, 966, 88 Ill.Dec. 170, 478 N.E.2d 485; Dockery, 185 Ill.App.3d at 314, 133 Ill.Dec. 389, 541 N.E.2d 226 (Unverzagt, J., dissenting).) The classification of an injury as traumatic merely aids in determining when plaintiff discovered, or should have discovered, that the injury was caused by the defendant's wrongful conduct. *468 Pszenny, 132 Ill.App.3d at 966, 88 Ill.Dec. 170, 478 N.E.2d 485.
Injuries that have been found to be traumatic in nature include a broken hip from a fall (Walters v. Marion Memorial Hospital (1991), 217 Ill.App.3d 744, 160 Ill.Dec. 590, 577 N.E.2d 915); injuries from an automobile accident caused by a defect in the vehicle (Tate v. Beverly Chrysler Plymouth (1989), 182 Ill.App.3d 830, 131 Ill.Dec. 288, 538 N.E.2d 663); a stillbirth (Nordsell v. Kent (1987), 157 Ill.App.3d 274, 109 Ill.Dec. 738, 510 N.E.2d 606); injuries sustained when pinned under a forklift truck (Bates v. Little Co. of Mary Hospital (1982), 108 Ill.App.3d 137, 63 Ill.Dec. 887, 438 N.E.2d 1250); injuries suffered from an explosion (LePretre v. Petrie Brothers, Inc. (1983), 113 Ill.App.3d 484, 69 Ill.Dec. 334, 447 N.E.2d 551); and a stroke from ingesting birth control pills (Berry v. G.D. Searle & Co. (1974), 56 Ill.2d 548, 309 N.E.2d 550).
We find that the court did not err in ruling that Orava's automobile accident was a sudden and traumatic event and that the running of the statute of limitations began on the day of the accident. Orava testified at his deposition that immediately after the accident he felt dizzy, had a bad headache, and his face was black and blue. Orava was aware that the accident had caused him injury. However, this determination only means that Orava's action, filed on April 28, 1983, was filed within the applicable limitations period. We must now take the additional step and determine whether Sharpenter's separate loss of consortium action is also subject to the sudden and traumatic event rule. If so, any legal action she took to obtain loss of consortium damages after April 30, 1983, would be barred by the statute of limitations, and the "but for" requirement in legal malpractice actions would not be met.
A loss of consortium action is not a derivative claim brought by a spouse as a representative of the injured spouse, but is an independent action. (Page v. Hibbard (1987), 119 Ill.2d 41, 48, 115 Ill.Dec. 544, 518 N.E.2d 69.) However, the action is independent in the sense that a loss of consortium award will neither be dismissed because the physically injured spouse settled and released the underlying personal injury claim (Brown, 104 Ill.2d at 37, 83 Ill.Dec. 344, 470 N.E.2d 302), nor reduced by a worker's compensation lien against the injured spouse's settlement proceeds (Page, 119 Ill.2d at 48, 115 Ill.Dec. 544, 518 N.E.2d 69). Cf. Blagg v. Illinois F.W.D. Truck & Equipment Co. (1991), 143 Ill.2d 188, 199, 157 Ill.Dec. 456, 572 N.E.2d 920 (loss of consortium award is reduced by the physically injured party's comparative negligence).
Pursuant to section 13-203 of the Civil Practice Law, an action for loss of consortium shall commence within the same period of time as actions for damages by the physically injured spouse. (Ill. Rev.Stat.1991, ch. 110, par. 13-203.) We have found no case, since this statute took effect in 1977, in which the statute of limitations period for a loss of consortium action began any later than the limitations period for the action of the physically injured party. Further, we have previously ruled that if the physically injured spouse's cause of action is barred by the statute of limitations, the other spouse's loss of consortium claim is also barred. Blonder v. Watts (1988), 166 Ill.App.3d 633, 637, 117 Ill.Dec. 85, 520 N.E.2d 75.
We interpret section 13-203 to mean that the limitations period for loss of consortium claims mirrors that of the physically injured party's action. Thus, Sharpenter's loss of consortium action was barred by the statute of limitations which began running on the day of Orava's automobile accident, April 30, 1981. Because Sharpenter would not have succeeded in her loss of consortium action "but for" her attorney's negligence, the trial court properly dismissed counts I, III, V and VII of her amended complaint.
Having determined that, as a matter of law, Sharpenter's loss of consortium claim was barred due to the traumatic event rule, we need not address whether there was a question of fact as to when Sharpenter knew or should have known of Orava's injury. However, we believe that there was enough evidence that Sharpenter reasonably should have known within days after the accident that Orava was injured *469 in the automobile accident. Sharpenter was aware of the occurrence and Orava's peculiar behavior, but was unaware of the nature and extent of the injuries. However, knowledge of the nature and extent of the injuries is not the basis for the discovery rule. We recognize that the facts of this situation, particularly the apparent lack of communication between Sharpenter and Orava, contributed to the delay in Sharpenter's filing of an action. But, under the discovery rule, Sharpenter had enough knowledge of the situation for the statute of limitations period to begin running.
Sharpenter's final contention is that defendants are equitably estopped from asserting the statute of limitations as a defense because they previously argued, on behalf of Sharpenter, that her loss of consortium claim was not time barred. Sharpenter relies on Witherell v. Weimer (1981), 85 Ill.2d 146, 52 Ill.Dec. 6, 421 N.E.2d 869, to support her argument. However, as all defendants acknowledge, Witherell is distinguishable. There, the plaintiff delayed in filing a lawsuit against her doctor and the manufacturer of contraceptives because her doctor informed her that her problems were not associated with the contraceptives. (Witherell, 85 Ill.2d at 149, 52 Ill.Dec. 6, 421 N.E.2d 869.) Here, Sharpenter neither relied nor changed her position based on defendant's actions. Defendants never advised Sharpenter to delay in filing her intervention action or her subsequent independent loss of consortium action. In fact, defendants were not approached to represent Sharpenter until the statute of limitations had already expired. Thus, defendants were not equitably estopped from raising the statute of limitations.
For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.
Affirmed.
McLAREN and DUNN, JJ., concur.